IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS

| | |
|---|---|
| **GUSTAVIS STRAUGHEN, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**PAGE MCNAGHTEN ASSOCIATES, INC.**<br>**(d/b/a PMA ENGINEERING)**<br>   **Serve Registered Agent:**<br>   **Page McNaghten Associates, Inc.**<br>   **6717 Shawnee Mission Pkwy**<br>   **Ste. 100**<br>   **Overland Park, KS 66202**<br><br>Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Gustavus Straughen, individually and on behalf of all others similarly situated, for his Complaint against Defendant Page McNaghten Associates, Inc. (d/b/a PMA Engineering), states and alleges as follows:

### Nature of the Action

1. This lawsuit is filed as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of all similarly situated persons employed by Defendant in the last three years as an Engineering Technician or in any similar position with similar job duties under an unlawful misclassification of pay status. The members of this putative collective action were paid on a salary basis and regularly required to work more than 40 hours per week without being compensated for overtime because they were misclassified as exempt under the FLSA.

**The Parties**

2.     Plaintiff Gustavus Straughen ("Plaintiff") is a resident of Olathe, Kansas. From March 16, 2017 to August 28, 2020, Plaintiff worked for Defendant Page McNaghten Associates, Inc. (d/b/a PMA Engineering) at the office located at 6717 Shawnee Mission Parkway, Suite 100, Overland Park, KS 66202.

3.     Defendant Page McNaghten Associates, Inc. ("PMA") is a For Profit Corporation organized under Kansas law with its principal place of business located at 6717 Shawnee Mission Parkway, Suite 100, Overland Park, KS 66202.

4.     PMA is a privately owned structural consulting engineering company.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claim in this case arises under federal law.

6.     This Court has personal jurisdiction over PMA because it has conducted business, made contracts, and committed tortious acts in the State of Kansas during the relevant time period. Through its forum specific contacts, including the establishment of its business and employment of Plaintiff and other putative class members, PMA has purposefully availed itself of the privilege of conducting activities in the State of Kansas.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because PMA is subject to personal jurisdiction in this judicial district and a substantial part of the events and omissions giving rise to the claim in this action occurred in this judicial district.

**General Allegations**

8.     PMA is an engineering firm. Its website states that it provides structural consulting services in both the private and public sectors.

9. PMA is an employer for purposes of the FLSA. PMA had the direct power to control significant aspects of Plaintiff's employment as an Engineering Technician. In particular, PMA:

    a. had the power to hire and fire Plaintiff;

    b. supervised and controlled Plaintiff's work schedule and the conditions of his employment by: (i) establishing the daily work schedule and minimum number of hours Plaintiff was required to work on a weekly basis; (ii) determining Plaintiff's job duties and responsibilities and directing his day-to-day activities in performing those duties and responsibilities; (iii) directing Plaintiff to complete his job training through a standardized program created and administered by PMA; (iv) creating, implementing and enforcing workplace policies and procedures outlined in the PMA Engineering Handbook; and (v) managing all human resources functions;

    c. processed employee payroll, established policies and procedures regarding employee pay in the Employee Handbook, and determined the rate and method of Plaintiff's payment, including (i) his base salary and benefits, (ii) his exempt status for purposes of the FLSA; and

    d. maintained Plaintiff's employment records through its human resources department.

10. Plaintiff was employed by PMA as an Engineering Technician. In that role, Plaintiff was responsible primarily for using specialized computer software to prepare technical structural designs and drawings. Plaintiff used a computer-aided design ("CAD") to convert architects' designs into technical drawings.

11. PMA paid Plaintiff on a salary basis and classified him as exempt from overtime pay under FLSA regulations.

12. Plaintiff's work as an Engineering Technician did not meet the requirements for the executive exemption to the overtime requirements of the FLSA. Plaintiff had no responsibility for managing the enterprise or a customarily recognized department or subdivision of the enterprise, and he did not direct the work of any other employees. Plaintiff had no hiring/firing authority, and his suggestions and recommendations as to personnel matters were never solicited or given particular weight.

13. Plaintiff's work as an Engineering Technician did not meet the requirements for the administrative exemption to the overtime requirements of the FLSA. Plaintiff's work was not directly related to the management or general business operations of PMA or its customers but involved only the performance of the day-to-day production tasks related to PMA's marketplace offerings. Plaintiff had no meaningful ability or opportunity to exercise discretion or independent judgment with respect to matters of significance; his job responsibilities were designed to be performed identically to those of other Engineering Technicians at PMA, and his work was tightly controlled by the procedures, rules and regulations communicated to him through training, an employee handbook and other company materials that directed and controlled his job performance.

14. Plaintiff's work as an Engineering Technician did not meet the requirements for the professional or computer employee exemption to the overtime requirements of the FLSA. Plaintiff's work did not consist of the application of systems analysis techniques and procedures. It also did not involve the design, development, documentation, analysis, creation, testing or modification of computer systems or programs. Plaintiff's work was highly depending upon, or facilitated by, the use of computers and computer software programs, but employees who are not primarily

4

engaged in computer systems analysis and programming are not exempt under the computer employee exemption.

15. None of the other FLSA overtime exemptions apply to Plaintiff because: he did not perform work in a field of science or learning or in a recognized field of artistic or creative endeavor; he did not perform sales work outside the office; and he did not qualify as a highly compensated employee.

16. As an Engineering Technician, Plaintiff regularly worked over 40 hours per week. Plaintiff kept time records and those indicate that he regularly worked over 50 hours per week.

17. Although Plaintiff regularly worked significantly more than 40 hours per week, he was never paid overtime because PMA incorrectly and illegally classified him as exempt from overtime pay under FLSA regulations.

18. Plaintiff has suffered financial injury because PMA deprived him of substantial overtime pay to which he was legally entitled.

**Collective Action Allegations**

19. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> All current and former Engineering Technicians and others employed in similar positions with similar job duties at any time during the three years preceding the filing of this lawsuit who have not been paid overtime for all services performed in excess of forty hours per week because they were classified as exempt from the overtime pay requirements of the FLSA.

20. In the same manner alleged above with respect to Plaintiff, PMA acted as an employer for purposes of the FLSA with respect to all members of the putative collective action.

21. All members of the putative collective action are similarly situated in that each person was compensated on a salary basis and subjected to the same illegal pay practices under a

5

uniform company policy incorrectly determining and unlawfully applying FLSA overtime exemptions to deprive employees of overtime pay.

22. Like Plaintiff, all members of the putative collective action are responsible primarily for using specialized computer software to prepare technical architectural designs and drawings. Like Plaintiff, all members of the putative collective action use a computer-aided design ("CAD") to convert architects' designs into technical drawings.

23. As alleged above, the positions held by the members of the putative collective action do not qualify for any FLSA overtime exemption and employees in these positions regularly work more than 40 hours per week without being paid overtime. All employees in these positions have suffered financial injury because PMA deprived them of substantial overtime compensation to which they were entitled.

24. FLSA regulations make clear that employees who are drafters and others skilled in computer-aided design software, but who are not primarily engaged in computer systems analysis and programming or other similarly skilled computer-related occupations are not exempt under the computer employee exemption. *See, e.g.*, 29 C.F.R. § 541.106.

25. PMA is aware of the specific regulatory requirements and limits of FLSA overtime exemptions, including statues, regulations and administrative guidance making clear that employees like Plaintiff and the members of the putative collective action are not exempt from the overtime requirements of the FLSA. For example, the Wage and Hour Division of the United Stated Department of Labor states that:

> Employees whose work is highly dependent upon, or facilitated by, the use of computers and computer software programs (e.g., engineers, drafters and others skilled in computer-aided design software), but who are not primarily engaged in computer systems analysis and programming or other similarly skilled computer-related

6

occupations identified in the primary duties test described above, are also not exempt under the computer employee exemption.

DOL Fact Sheet #17E: Exemptions for Employees in Computer-Related Occupations Under the Fair Labor Standards Act, available at: https://www.dol.gov/agencies/whd/fact-sheets/17e-overtime-computer. Despite this clear legal framework, PMA maintained a company-wide practice of illegally classifying Plaintiff and the members of the putative collective action as exempt from overtime compensation. In doing so, PMA knowingly, willfully and recklessly violated the FLSA by failing to pay its employees proper overtime compensation for all hours worked over 40 per week.

26. It is evident that PMA acted knowingly, willfully and recklessly in classifying Plaintiff and members of the putative collective action as exempt from overtime pay because it hired Plaintiff through a staffing company and knew the Plaintiff was paid overtime through the staffing company while performing the same work Plaintiff later performed as a direct employee of PMA.

27. This action is fairly, efficiently and appropriately maintained as an opt-in collective action under the FLSA. All members of the putative collective action are similarly situated, will be entitled to similar relief, and can readily be identified in employment records maintained by PMA. The Court should certify this matter as a collective action and order appropriate notice to be sent to all potential members so that they may choose whether to give consent in writing to become parties in this case.

## Count I
### Individual and Collective Action for
### Violation of the Fair Labor Standards Act

28. Plaintiff incorporates by reference all paragraphs and allegations in the Complaint as though fully set forth herein.

29. At all times relevant to this action, PMA employed Plaintiff and other individuals as Engineering Technicians. All of the individuals employed in these positions performed similar

work and were subject to the same compensation policy that misclassified them as exempt for purposes of overtime pay.

30. In their work for PMA, Plaintiff and all members of the putative collective action were engaged in commerce and/or employed by an enterprise engaged in commerce that had annual gross sales of not less than $500,000.

31. PMA failed to pay Plaintiff and all members of the putative collective action overtime pay at a rate of not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 in one or more workweeks. This was in violation of the FLSA. *See* 29 U.S.C. § 207(a).

32. The conduct of PMA with respect to Plaintiff and all members of the putative collective action constitutes a willful violation of the FLSA for purposes of expanding the statute of limitations to three years. *See* 29 U.S.C. § 255(a).

33. Plaintiff and all members of the putative collective action are entitled to damages in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, plus liquidated damages in an equal amount, reasonable attorneys' fees and costs of the action as provided in 29 U.S.C. § 216(b).

## **Prayer for Relief**

Plaintiff, on behalf of himself and all members of the putative collective action, prays for the following relief:

A. Certification of a collective action on behalf of all Engineering Technicians and others employed in similar positions with similar job duties by PMA in the last three years, with prompt issuance of notice to all such persons apprising them of the pendency of this action and permitting them to assert timely FLSA claims by

        filing individual consents in writing to become parties to this action pursuant to 29 U.S.C. § 216(b).

B.    Judgment that Plaintiff and those similarly situated are entitled to the overtime protections of the FLSA, and judgment against PMA for violation of the overtime provisions of the FLSA in illegally classifying Plaintiff and the members of the collective action as exempt from overtime compensation and failing to pay them one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

C.    Judgment that PMA willfully violated the FLSA by knowingly or recklessly misclassifying Plaintiff and the members of the collective action as exempt from overtime compensation and failing to pay them one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

D.    An award to Plaintiff and all members of the collective action for unpaid overtime wages and liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and for all such further relief as the Court may find just and equitable under the circumstances.

**Demand for Jury Trial and Designation of Place of Trial**

Plaintiff hereby demands a trial by jury on all claims and issues so triable. Plaintiff designates Kansas City, Kansas as the place of trial.

        Respectfully submitted,

        KRIGEL & KRIGEL, P.C.

        By:   */s/ Lara K Pabst*
              Lara K. Pabst  KS #24454
              Stephen J. Moore  KS #23038

          4520 Main Street, Suite 700
          Kansas City, Missouri 64111
          Telephone:  816.756.5800
          Facsimile:   816.756.1999
          lpabst@krigelandkrigel.com
          sjmoore@krigelandkrigel.com

          ***Attorneys for Plaintiff Gustavus Straughen***